## Commonwealth v. Beasley

*Michael Duncan,* Assistant District Attorney, for the Commonwealth.

*Joseph J. Dougherty,* for defendant.

WOOD, *J.*, August 13, 1980—We have before us defendant's petition for discharge and to quash the criminal information.

The information, filed on April 10,1980, charges defendant with arson, 18 P.S. §3301 (a) and (b) (2), and risking a catastrophe, 18 P.S. §3302 (b), arising out of a fire at his wife's apartment. The information was based upon the testimony of Pennsylvania State Trooper Robert Jones and that of defendant's wife, Juanita Beasley,* presented at defendant's preliminary hearing held on March 10, 1980 before District Justice Robert G. Mull. A prima facie case was found and defendant was held for court.

Defendant asserts that Juanita Beasely was permitted to testify against him at the preliminary hearing in violation of 42 P.S. §5913. We agree with defendant that, if Mrs. Beasley was incompetent to testify against defendant, we are obliged to quash the information and to discharge the defendant: Pa. R.C.P. 143 and 306; Commonwealth v. Smith, 69 D.&C. 529 (1950).

42 P.S. §5913 states:

"Except as otherwise provided in this subchapter, in a criminal proceeding husband and wife shall not be competent or permitted to testify against each other, except that in proceedings for desertion and maintenance, and in any criminal proceeding against either for bodily injury or violence attempted, done or threatened upon the other, or upon the minor children of said husband and wife, or the minor children of either of them, or any minor child in their care or custody, or in the care of custody of either of them, each shall be a competent witness

---

*Mrs. Beasley testified that her husband told her that after she and the kids had gone, he intended to set her apartment on fire.

against the other, and except also that either of them shall be competent merely to prove the fact of marriage, in support of a criminal charge of bigamy alleged to have been committed by or with the other".

We note that a wife may testify where the proceeding against the husband is for "bodily injury or violence attempted, done or threatened" against the wife. It is a long established rule of construction that the legislature cannot be deemded to have intended words or phrases used in a statute to be superfluous and without import: Consumers Education and Protective Association v. Nolan, 470 Pa. 372, 368 A.2d 675, 683 (1977). Thus, it appears that "bodily injury" and "violence" were intended to have different meanings. It would be logical to assume that "violence" encompasses violent acts which do not necessarily result or were not even intended to result in bodily injury. We therefore construe "violence" to include acts of destruction committed upon the property of the victim spouse.

Further, we do not believe that the use of the words "upon the other" means in effect, "upon the person of the other". If the legislature had intended that meaning it could have used those terms. We think that the phrase "upon the other" is broad enough to include the possessions as well as the person of the victim spouse. Accordingly, we find that defendant's alleged conduct here has brought his wife's testimony within the exception provided for in 42 P.S. §5913 and rule that it is admissible.

We are aware that we are giving section 5913 its broadest possible interpretation. Nevertheless, we think that we are justified in doing so by a recent United States Supreme Court decision: Trammel v. United States, 100 S. Ct. 906 (1980). Trammel points out the weakness in the reasoning

underlying interspousal incompetence and persuades us not to extend the rule any further than we must.

We see no problem with the admissibility of Trooper Jones' testimony. The record of the preliminary hearing reveals that the trooper did not offer any statements supplied to him by Mrs. Beasley which implicate defendant in the crimes charged. Moreover, it is a general rule of evidence that an expert can testify based on hearsay and other evidence which an expert would ordinarily rely upon in forming his opinions: Commonwealth v. Daniels, 480 Pa. 340, 390 A.2d 172, 175-78. (1978).

## ORDER

And now, this August 13, 1980, defendant's petition for discharge and to quash the criminal information is dismissed.